ELLIS, Judge.
This is a suit for divorce on the ground of adultery, filed by Richard Lee Fontenot against Georgia Ann Fontenot. Plaintiff is also seeking custody of his two minor children, Laura Ann and Tammy Marie, aged two and one half years and three months, respectively. A custody rule was filed and tried, and it was agreed, according to the record and the minute entries, that judgment could be rendered on the merits on the basis of the testimony taken at the trial of the rule.
After trial, and pursuant to the stipulation, judgment was rendered in favor of plaintiff awarding him a divorce and custody of the children. From that judgment, defendant has appealed.
The parties were married on May 28, 1971, and separated finally on about July 10, 1974. The two children stayed with Mrs. Fontenot when plaintiff moved out. Without going into the details of the testimony, we think the preponderance of the evidence is to the effect that one Ronnie Howell lived in the apartment with Mrs. Fontenot for about three weeks to a month. He slept in the bed with Mrs. Fon-tenot. Laura slept on a mattress on the floor in the living room and Tammy slept in a crib. Mrs. Fontenot’s brother, Brad, lived in the apartment for about two weeks during this time and slept on a couch in the living room.
There is evidence that Mrs. Fontenot smoked marijuana in the presence of the children, that she once shoplifted, and that she often frequented bars until the early hours of the morning.
Tammy suffered from cradle cap, diaper rash and an eye infection, none of which cleared up while the children were in Mrs. Fontenot’s care. The children were often not fed a properly balanced diet.
Shortly before this suit was filed in November, 1974, plaintiff took the children to his mother’s home, where they were living at the time of the trial. Plaintiff is an automobile mechanic with a history of mental illness which took place some one and one half to two years before the trial. He plans to keep the children in his mother’s home, with the assistance of his mother and his sister, who lives fifteen miles from his mother’s home.
Defendant denied any misconduct with Ronnie Howell, and stated that she took good care of her children. She planned to live with her mother, if she got custody of the children. She also denied most of the charges levied against her character.
The trial judge apparently felt that the best interest of the children required that their custody be granted to their father, and that the evidence warranted the granting of a divorce on the grounds of adultery. After a careful consideration of the record, we find no manifest error in his conclusion.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.